UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY K. NEWMAN                                          CIVIL ACTION

VERSUS                                                     NO.05-1954

ABC CORP., JOHN ROE, JOHN DOE                      SECTION "K" (2)

## ORDER

Before the Court is plaintiff's Motion To Remand (Rec. Doc. 8).  Defendant, Wal-Mart Stores, Inc., filed its opposition on July 7, 2005.   The motions were submitted on the briefs. After having considered the pleadings, memoranda, and relevant law the Court **DENIES** plaintiff's motion.

## BACKGROUND

Plaintiff filed suit in state court on February 10, 2005 against defendants Wal-Mart Stores, Inc., Dori Porter, and John Doe as a result of a slip and fall accident that allegedly occurred on the premises of Wal-Mart Supercenter on or about February 11, 2004.   Plaintiff alleges he "was caused to slip and fall in a pool of water on the floor."  Defendant filed a notice of removal on May 25, 2005 stating that Dori Porter was a nominal defendant and improperly joined.

## LEGAL STANDARD

1

Pursuant to 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal court if the action is one over which the federal court has subject matter jurisdiction.  The burden of establishing jurisdiction is on the party seeking removal.  *Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir.1993).  In the motion to remand, the non-movant carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence.  *Id.* at  814.  In an *en banc* decision, the Fifth Circuit departed from its use of the term  "fraudulent joinder" and adopted the term "improper joinder, " noting there is no substantive difference between the two terms.  *Smallwood v. Illinois Central Railroad* Co., 385 F.3d 568, 571, n.1(5th Cir.2004).  The Court emphasized the purpose of the improper joinder inquiry is to determine the appropriateness of joinder, not the merits of the case.  *Id*. at 574.  There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Id*.  (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).   In the instant matter, the second way to establish improper joinder is before the Court.  The appropriate test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (*citing Travis*, 326 F.3d at 646-47).  The Fifth Circuit in *Travis* further explained: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.  If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Travis*, 326 F.3d at 647.  This possibility that state law may impose liability, however,

2

must be reasonable, not merely theoretical.  *Id* at 648.

A district court may resolve improper joinder claims in two ways.  The first is that a court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the plaintiff has alleged a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573.  The second way involves those cases in which a plaintiff  has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  *Id*.  In these cases, hopefully few in number, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  *Id*.  The Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . [a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits."  *Id*. at 574-75.  Furthermore, district courts should resolve all disputed questions of fact and substantive law in favor of the plaintiff.  *Jackson v. Pneumatic Prod. Corp*., 2001 WL 238214, at *1 (E.D.La.2001).  Finally, "[i]f the right to remove is doubtful, the case should be remanded."  *Sullivan v. Gen-Corp, Inc*., 1995 WL 321743, at *2 (E.D.La. 1995) (Duval, J.)(quoting *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y.1992)).

## ANALYSIS

In determining this motion to remand, the Court must evaluate the specific allegations made against Dori Porter and the law regarding employee liability.   Plaintiff alleges that at the time of the accident, Dori Porter was the store manager and had "direct responsibility of supervising her employees and for the safety and welfare of its customers in and around the

premises."  *See* Petition, ¶ 4.  Plaintiff also alleges the cause of the accident was  Dori Porter,

Wal-Mart Stores, Inc., and John Doe's negligence in the following respects:

> a. Creating an unreasonably unsafe condition on the premises;
> b. Failure to warn plaintiff of the unreasonably unsafe condition which they created;
> c. Failure to adequately inspect premises and supervise store operations;
> d. Failure generally to meet the standard of care required in the above-described situation.

Petition, ¶ 6.   Plaintiff's motion to remand does not provide any further allegations than those

specified in the plaintiff's petition.  Plaintiff merely adds that "Dori Porter caused the accident

which is the subject cause of action."  Plaintiff alleges no specific facts relating to the accident or

any affidavit.  Furthermore, plaintiff specifically states he has a cause of action against Dori

Porter, individually, "for failure to properly perform her management duties."

A store manager or other employee may not be held liable for an invitee's injury unless

four distinct criteria are met.  *Canter v. Koehring Co.*, 283 So.2d 716, 720-721 (La. 1973).  An

employee is not individually liable merely because he or she is an agent of the defendant

company; to be liable she must have an independent, personal duty to the customer.  *Id*.  The

*Canter* Court stated:

> personal liability cannot be imposed on the officer, agent or employee simply because of
> his general administrative responsibility for performance of some function of the
> employment. He must have a personal duty towards the injured plaintiff, breach of which
> specifically has caused the plaintiff's damages. If the defendant's general responsibility
> has been delegated with due care to some responsible subordinate or subordinates, he is
> not himself personally at fault and liable for the negligent performance of this
> responsibility unless he personally knows or personally should know of its non-
> performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Canter,* 283 So.2d at 721.

The *Canter* ruling has been further defined as a four-part test in determining if the

4

employee, in this case, Dori Porter, owes an independent, personal duty to a customer:

(1) the employer must owe a duty of care to the customer;

(2) this duty must be delegated by the employer to the particular employee:

(3) the employee must have breached this duty through his own personal fault; and

(4) personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of his employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee.

*Elder v. Wal-Mart Stores, Inc.,* 751 F.Supp. 639, 641 (E.D.La.1990) (citing *Canter,* 283 So.2d at 721). The Court further notes that under Louisiana law, a merchant has a statutorily defined duty to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La.R.S. § 9: 2800.6.

Plaintiff do not allege nor does the evidence reveal that Ms. Porter was the employee who was specifically responsible for the cleaning procedures on this day, at this time, in the specific place where the accident occurred. In contrast, plaintiff seeks to impose liability on Ms. Porter due to a breach of her general administrative duties as store manager. Plaintiff has not shown any personal duty Ms. Porter may have had to the plaintiff herein. Furthermore, courts have denied remand under similar circumstances. *White v. Travelers Ins. Co.*, 1995 WL 442089 (E.D.La.); *Thompson v. Wal-Mart, Inc*., 1993 WL 475484 (E.D.La.); *see also, Carter v. Wal-Mart Stores Inc*., 2005 WL 1831092 (W.D.La.). The following language from *Prince v. Nationwide Insurance Co.*, 1989 WL 10682 at *3(E.D.La.1989) is particularly helpful, even though the Court denied plaintiff's motion to remand.

> The precedential effect of such decisions as this should not be to encourage all plaintiffs to name individual store employees to defeat removal in slip and fall cases, particularly where the negligence alleged of consists of a more general failure on the part of unspecified individuals and store management to maintain a store premises in clean and orderly condition.

*Id*.

This Court finds that the negligence alleged against Ms. Porter consists of a more general failure on the part of store management to maintain a clean and orderly condition, instead of a personal duty on the part of Ms. Porter to plaintiff herein.   There is no reasonable possibility that state law will impose liability upon Ms. Porter as store manager of Wal-Mart for the accident alleged herein, without any more specific facts or allegations.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that plaintiff's Motion to Remand (Rec. Doc. 8) is **DENIED**.

New Orleans, Louisiana, this   12th   day of August, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**